249 P.3d 582 (2011)
2011 UT App 60
STATE of Utah, in the interest of H.H., A.H., and E.H., persons under eighteen years of age.
A.H., Appellant,
v.
State of Utah, Appellee.
No. 20101024-CA.
Court of Appeals of Utah.
March 3, 2011.
*583 Jacee E. Ballard, Salt Lake City, for Appellant.
Mark L. Shurtleff and Carol L.C. Verdoia, Salt Lake City, for Appellee.
Martha Pierce, Salt Lake City, Guardian Ad Litem.
Before Judges DAVIS, McHUGH, and THORNE.

DECISION
PER CURIAM:
¶ 1 A.H. (Father) appeals the termination of his parental rights to his three children. The juvenile court found three grounds to support the termination of Father's parental rights. First, the juvenile court concluded that the parents were unfit or incompetent parents. See Utah Code Ann. § 78A-6-507(1)(c) (2008). The court further concluded that the children were being cared for in an out-of-home placement; that the parents had substantially neglected, willfully refused, or been unable or unwilling to remedy the circumstances that caused the children to be in the out-of home placement; and that there was a substantial likelihood that the parents will not be capable of exercising proper and effective parental care in the near future. See id. § 78A-6-507(1)(d). The court next concluded that the parents had made only token efforts to support or communicate with the children, to eliminate the risk of serious physical, mental or emotional abuse, or to avoid being unfit parents. See id. § 78A-6-507(1)(f). *584 Turning to the best interests determination, the juvenile court concluded that because the parents were unable or unwilling to provide the secure, predictable, and stable home needed by the children, it was in the children's best interests to terminate both parents' parental rights to allow them to be adopted.
¶ 2 On appeal, Father challenges the sufficiency of the evidence "to support termination of parental rights." However, Father does not undertake any specific analysis of the three separate grounds for termination found by the juvenile court. The juvenile court "may terminate all parental rights with respect to a parent if the court finds any one of" the grounds enumerated in Utah Code section 78A-6-507. See id. § 78A-6-507(1). We will overturn the juvenile court's decision "only if it either failed to consider all of the facts or considered all of the facts and its decision was nonetheless against the clear weight of the evidence." In re B.R., 2007 UT 82, ¶ 12, 171 P.3d 435. "When a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." Id. Applying this standard, we conclude that the evidence was sufficient to support the grounds for termination of Father's parental rights.
¶ 3 Father claims that the Division of Child and Family Services (DCFS) did not provided him with the recommended reunification services. He contends that he was willing to participate in services, but he was not provided with resources or referrals. We construe this as a challenge to the juvenile court's finding that DCFS made reasonable efforts to finalize the goal of reunification. See Utah Code Ann. § 78A-6-507(3)(a) (requiring the juvenile court to find that DCFS made reasonable efforts to provide court-ordered services before the court may terminate parental rights). "The juvenile court has been granted broad discretion in determining whether or not DCFS made `reasonable efforts' to reunify a child with its parents." In re A.C., 2004 UT App 255, ¶ 20, 97 P.3d 706. Thus, we will not disturb that determination "absent a demonstration that the determination was clearly in error." Id.
¶ 4 The evidence does not support Father's assertion that he was willing to participate in, but was denied, reunification services. His lack of any substantial effort as of the time of the permanency hearing held in June 2010 resulted in the termination of reunification services. Throughout the proceedings, Father denied that there was any reason for involvement by DCFS or that he had any parenting problems. In the month after the children's removal, Father participated in a mental health and parenting assessment. However, after being left to complete a written test, Father wrote, "no comment," rendering the results invalid. He did not appear for the originally scheduled drug and alcohol evaluation in April 2010 due to incarceration and did not complete that evaluation until August 2010, which was after reunification services had been terminated. That evaluation raised significant mental health issues that would need to be addressed before Father could participate in drug treatment. Father took eight drug tests but missed seventy-six drug tests during the case. At the termination trial, Father testified that he believed he was an excellent parent who should regain custody of his children at that time. He testified that he did not believe that any reason had ever existed to justify their removal. Father's claim on appeal that he was willing to engage in services but was not provided appropriate services by DCFS is without merit. The evidence amply supports the finding that DCFS made reasonable efforts to implement the service plan and accomplish reunification.
¶ 5 Father next claims that the evidence was insufficient to support the juvenile court's best interests determination because the children had been in four foster homes and had moved to the legal risk home approved as a prospective adoptive placement only one day before the termination trial. The children's therapist testified that both H.H. and A.H. had been diagnosed with post-traumatic stress disorder and that E.H. had been diagnosed with "disordered infancy, childhood, or adolescence." All three children were making progress in treatment, but they needed ongoing treatment and a stable, predictable, and permanent home in order to *585 continue their progress. The juvenile court found that the inability or unwillingness of the children's biological parents to provide the secure, stable, and predictable home that the children required supported its determination that the termination of parental rights was in the children's best interest. Because an adequate foundation exists in the evidence to support the best interests determination, we will not overturn it. See In re B.R., 2007 UT 82, ¶ 12, 171 P.3d 435.
¶ 6 Accordingly, we affirm.